DJF:TSJ:dpo

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HILL, | : | CIVIL NO. 3:CV-11-1609 |
| Plaintiff | : | |
| | : | (Conaboy, J.) |
| v. | : | |
| | : | |
| HARLEY LAPPIN, et al., | : | |
| Defendants | : | Filed Electronically |

## BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO STRIKE PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT

Defendants, B. Bledsoe, former Warden of the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") and Lieutenants, J. Hepner, M. Saylor, M. Edinger, and P. Carrasquillo, by and through undersigned counsel, hereby submit this brief in support of their Motion to Strike Plaintiff's Motion for Summary Judgment.  (Doc. 138.)

### I. Procedural History

This is a Bivens[1] action brought by David E. Hill, a federal prisoner who was formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").[2]  In his Complaint, Hill alleges Eighth

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
[2] Hill is currently incarcerated at the High Security United States Penitentiary in Florence, Colorado.

Amendment violations of his constitutional rights by employees of the BOP at USP Lewisburg stemming from two incidents which occurred on June 22, 2010, when Hill refused to submit to restraints and threatened to assault other inmates and/or staff.  Each of the two incidents resulted in activation of a calculated use of force team to regain control of Hill and place him in restraints.  (Complaint (Doc. 1) at 6-8.)

Hill filed a Complaint, a Memorandum of Law and a Declaration (Docs. 1-3) on August 29, 2011, which included a request for issuance of a preliminary injunction.  On November 23, 2011, following an extension of time, Defendants filed a brief in opposition to Hill's request for a preliminary injunction.  (Doc. 14.)

Defendants initially moved to dismiss Hill's complaint and for entry of summary judgment in their favor, and the motion was fully briefed by the parties.  The Court issued a Memorandum and Order on September 17, 2012 (Docs. 39, 40), construing Defendants' dispositive motion as solely seeking summary judgment, granting the motion in-part and denying it in-part.   The Court dismissed Defendants' qualified immunity argument without prejudice as premature, based upon a lack of evidence presented by Defendants regarding Hill's surviving claims.  The Court ordered that the claims of excessive use of force and improper implementation of four-point restraints against the above-listed Defendants should

proceed, dismissed all other claims and Defendants, and directed Defendants to respond to Hill's discovery requests.

The remaining Defendants filed an Answer with Affirmative Defenses on September 28, 2012. (Doc. 42.)

On December 17, 2012, the remaining Defendants filed a second motion for summary judgment (Doc. 51) and the parties fully briefed the motion. On September 19, 2013, the Court issued a Memorandum and Order (Doc. 70) addressing Defendants' dispositive motion. The Court granted summary judgment as to the excessive force claim, but denied the motion with regard to the following issues: (1) whether the decisions to place Hill into four-point restraints on the afternoon of June 22, 2010 was based upon a desire to punish him for manipulative behavior or for a legitimate penological reason or reasons; and (2) whether Hill was not released from his restraints to use the bathroom during the 43 hour period when he was in four-point restraints and was forced to lie in his own waste. (Mem. And Order (Doc. 70) at 22-23.)

The Court issued a scheduling order on June 11, 2014 (Doc. 76) setting deadlines for the completion of discovery and the filing of any dispositive motions after the conclusion of discovery. Thus, the parties proceeded to conduct discovery with regard to these two remaining claims.

On October 24, 2014, following the conclusion of discovery, the remaining Defendants filed a third motion for summary judgment as to the remaining claims (Doc. 79.)  On September 1, 2015, the Court denied Hill's motion to amend.  (Doc. 106.)  The Court then dismissed Defendants' third dispositive motion without prejudice in order to give them an opportunity to address the applicability of Young v. Martin, 801 F.3d 172 (3d Cir. 2014) and the Supreme Court's decision in Hope v. Pelzer, 536 U.S. 730 (2002) to the remaining claims.  (Doc. 107.)

On September 10, 2015, the Court directed that the parties may file dispositive motions within thirty days.  (Doc. 107.)  On October 13, 2015, the remaining Defendants filed a motion for summary judgment as to the remaining claims.  (Doc. 108.)

On September 30, 2016, the Court issued its Memorandum and Order granting in part and denying in part defendant' motion.  (Docs. 124, 125.)  The Court granted summary judgment as Regional Director Norwood and Lieutenant McFadden for lack of personal involvement.  (Doc. 124 at 5-8.)  The Court denied summary judgment as to former Warden Bledsoe and Lieutenants Hepner, Saylor, Edinger, and Carrasquillo.

On October 11, 2016, the Court referred this instant case for settlement.  Order (Doc. 126.)

4

On October 14, 2016, the Defendants filed a Motion for Reconsideration of the Court's Order (Doc. 125.) On November 29, 2016, the Plaintiff filed a Brief in Opposition to the Defendants' Motion for Reconsideration. (Doc. 131.) On December 14, 2016, the Court denied the Defendants' motion for reconsideration. (Doc. 135.)

On July 3, 2018, Hill filed this instant motion. (Doc. 138.) The Defendants filed a motion to strike Hill's most recent motion and submit this brief in support.

## II.     Question Presented

**Should the Court strike Plaintiff's Motion for Summary Judgment because it is redundant and immaterial.**

## III.     Argument

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y.1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Duke v. Gavin et al., Civ. No. 13-1969, WL 5874634 *1 (M.D. Pa Oct. 31, 2013) (citing Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982)). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, ... '[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.'

Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)).  See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed.2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir.2000).  "In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party."  Duke v. Gavin et al., Civ. No. 13-1969, WL 5874634 at *1 (citing) Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir.2001).

    Here, Hill's motion for summary judgment clearly meets the criteria of in Ruby, and Fed. R. Civ. P. 12(f) in being redundant, immaterial, and prejudicial to the opposing party.  Hill does not bring any new facts to support his motion for summary judgment.  His brief in support along with the statement of material facts contain the same facts as disclosed in multiple filings throughout this instant case. Compare (Compl. (Doc. 1); Br. in Opp'n to Mot. for Summ. J. (Doc. 63); Statement of Material Facts (Doc. 64); Br. in Opp'n to Mot. for Summ. J. (Doc. 122); Statement of Material Facts (Doc. 123) to Mot. for Summ. J. in Pls'. favor with Supporting Br. (Doc. 139); Statement of Material Facts (Doc. 140).)

Therefore, the Defendants request that the Court strike Hill's Motion for Summary Judgment (Doc. 138) which would include his Brief in Support and Statement of Material Facts (Docs. 139, 140) because they are redundant of the issues already previously raised before the Court and are pending a trial date.

## IV.   Conclusion

For the above-stated reasons, the Defendants request that the Plaintiff's Motion for Summary Judgment, the Brief in Support of his Motion for Summary Judgment, and the Statement of Materials Facts (Docs. 138, 139, 140) be stricken from the record as redundant and immaterial.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s Timothy Judge
TIMOTHY JUDGE
Assistant U.S. Attorney
PA 203921
Donald P. Osborne
Paralegal Specialist
United States Attorney's Office
235 North Washington Street
Scranton, PA 18501-0309
Phone: (570)348-2800
Facsimile: (570)348-2816
Timothy.Judge@usdoj.gov

Dated: July 16, 2018

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. HILL,** | : | CIVIL NO. 3:CV-11-1609 |
| **Plaintiff** | : | |
| | : | (Conaboy, J.) |
| v. | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.  That on July 16, 2018, he served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

ADDRESSEE:
David E. Hill
Reg. No. 12585-007
USP Florence – High
PO Box 7000
Florence, CO  81226

                                                                   /s Donald P. Osborne
                                                              DONALD P. OSBORNE
                                                              Paralegal Specialist