DJF:TSJ:dpo

<div align="center">

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

</div>

| | | |
|---|---|---|
| **DAVID E. HILL,** | : | **CIVIL NO. 3:CV-11-1609** |
| **Plaintiff** | : | |
| | : | **(Conaboy, J.)** |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

**<u>Defendant's Brief in Opposition of Plaintiff's Motion for Summary Judgment.</u>**

Defendants, B. Bledsoe, former Warden of the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") and Lieutenants, J. Hepner, M. Saylor, M. Edinger, and P. Carrasquillo, by and through undersigned counsel, hereby submit this brief in opposition to Plaintiff's Motion for Summary Judgment to include his Brief in Support of the Motion for Summary Judgment which also included his Statement of Material Facts.  (Docs 138, 139, 140.)  This Court should dismiss the Plaintiff's Motion for Summary Judgment (Doc. 138) because Hill never requested an extension of time in order to show excusable delay prior to filing this instant motion.

# I. <u>Procedural History</u>

This is a <u>Bivens</u>[1] action brought by David E. Hill, a federal prisoner who was formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").[2]  In his Complaint, Hill alleges Eighth Amendment violations of his constitutional rights by employees of the BOP at USP Lewisburg stemming from two incidents which occurred on June 22, 2010, when Hill refused to submit to restraints and threatened to assault other inmates and/or staff.  Each of the two incidents resulted in activation of a calculated use of force team to regain control of Hill and place him in restraints.  (Complaint (Doc. 1) at 6-8.)

Hill filed a Complaint, a Memorandum of Law and a Declaration (Docs. 1-3) on August 29, 2011, which included a request for issuance of a preliminary injunction.  On November 23, 2011, following an extension of time, Defendants filed a brief in opposition to Hill's request for a preliminary injunction.  (Doc. 14.)

Defendants initially moved to dismiss Hill's complaint and for entry of summary judgment in their favor, and the motion was fully briefed by the parties.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] Hill is currently incarcerated at the High Security United States Penitentiary in Florence, Colorado.

The Court issued a Memorandum and Order on September 17, 2012 (Docs. 39, 40), construing Defendants' dispositive motion as solely seeking summary judgment, granting the motion in-part and denying it in-part.   The Court dismissed Defendants' qualified immunity argument without prejudice as premature, based upon a lack of evidence presented by Defendants regarding Hill's surviving claims. The Court ordered that the claims of excessive use of force and improper implementation of four-point restraints against the above-listed Defendants should proceed, dismissed all other claims and Defendants, and directed Defendants to respond to Hill's discovery requests.

The remaining Defendants filed an Answer with Affirmative Defenses on September 28, 2012.  (Doc. 42.)

On December 17, 2012, the remaining Defendants filed a second motion for summary judgment (Doc. 51) and the parties fully briefed the motion.  On September 19, 2013, the Court issued a Memorandum and Order (Doc. 70) addressing Defendants' dispositive motion.   The Court granted summary judgment as to the excessive force claim, but denied the motion with regard to the following issues:  (1) whether the decisions to place Hill into four-point restraints on the afternoon of June 22, 2010 was based upon a desire to punish him for manipulative behavior or for a legitimate penological reason or reasons; and (2) whether Hill was not released from his restraints to use the bathroom during the 43 hour period

3

when he was in four-point restraints and was forced to lie in his own waste.  (Mem. And Order (Doc. 70) at 22-23.)

The Court issued a scheduling order on June 11, 2014 (Doc. 76) setting deadlines for the completion of discovery and the filing of any dispositive motions after the conclusion of discovery.  Thus, the parties proceeded to conduct discovery with regard to these two remaining claims.

On October 24, 2014, following the conclusion of discovery, the remaining Defendants filed a third motion for summary judgment as to the remaining claims (Doc. 79.)  On September 1, 2015, the Court denied Hill's motion to amend.  (Doc. 106.)  The Court then dismissed Defendants' third dispositive motion without prejudice in order to give them an opportunity to address the applicability of Young v. Martin, 801 F.3d 172 (3d Cir. 2014) and the Supreme Court's decision in Hope v. Pelzer, 536 U.S. 730 (2002) to the remaining claims.  (Doc. 107.)

On September 10, 2015, the Court directed that the parties may file dispositive motions within thirty days.  (Doc. 107.)  On October 13, 2015, the remaining Defendants filed a motion for summary judgment as to the remaining claims.  (Doc. 108.)

On September 30, 2016, the Court issued its Memorandum and Order granting in part and denying in part defendant' motion.  (Docs. 124, 125.)  The Court granted summary judgment as Regional Director Norwood and Lieutenant

McFadden for lack of personal involvement.  (Doc. 124 at 5-8.)  The Court denied

summary judgment as to former Warden Bledsoe and Lieutenants Hepner, Saylor,

Edinger, and Carrasquillo.

On October 11, 2016, the Court referred this instant case for settlement.

Order (Doc. 126.)

On October 14, 2016, the Defendants filed a Motion for Reconsideration of

the Court's Order (Doc. 125.)  On November 29, 2016, the Plaintiff filed a Brief in

Opposition to the Defendants' Motion for Reconsideration.  (Doc. 131.)  On

December 14, 2016, the Court denied the Defendants' motion for reconsideration.

(Doc. 135.)

On July 3, 2018, Hill filed this instant motion.  (Doc. 138.)  The Defendants

filed a motion to strike Hill's most recent motion and brief in support.

Additionally, this brief is submitted in opposition to Hill's motion.

## II.    Question Presented

**Should the Court dismiss this instant motion because it was
untimely and was not due to excusable neglect by Hill.**

## III.    Legal Standard

"[U]nless a different time is set by local rule or the court orders otherwise, a

party may file a motion for summary judgment at any time until 30 days after

discovery." <u>Kimel v. Pontiahowski,</u> 2014 WL 3943825,*2 (M.D. Pa. Aug 12, 2014).

## IV.   Argument

After numerous extensions, this Court directed that Hill must file a dispositive motion on or before December 4, 2015.  (Order (Doc. 110).)  On July 3, 2018, Hill filed this instant motion which was over two years past the deadline established by the Court.  Hill was required to request an extension of time prior to filing this instant motion in order for the Court to determine if any excusable neglect existed.

The Third Circuit Court of Appeals has provided that before a court can consider an untimely motion for summary judgment, "a party must make a formal motion for extension of time [pursuant to Federal Rule of Civil Procedure 6(b)(1)(B)] and the district court must make a finding of excusable neglect," under the factors established by <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.,</u> 507 U.S. 38, 395 (1993).  <u>See</u> <u>Kimel v. Pontiahowski,</u> 2014 WL 3943825, at *2 (citing <u>Dripple v. Tobelinski,</u> 604 F.3d 778, 784-85 (3d Cir. 2010).)  The factors "include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Servs. Co,</u> 507 U.S. at 395.  Because Hill did not request an extension

identifying his excusable neglect, the Court cannot consider any relevant

circumstances surrounding his omission.

Hill was provided multiple opportunities by this Court to file a dispositive

motion.  After waiting over two years to file his dispositive motion, Hill did not

provide any relevant information to the Court on why the motion was untimely.

Furthermore, because Hill did not follow the Courts direction or abide by the rules

requiring that he request an extension of time prior to filing this instant dispositive

motion this Court should determine that there is no excusable neglect and dismiss

Hill's Motion for Summary Judgment.  (Doc. 138.)

**V.    Conclusion**

For the above-stated reasons, Plaintiff's Motion for Summary Judgment

(Doc. 138) should be dismissed by the Court for being untimely.

<div style="margin-left:50%">

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s Timothy Judge
TIMOTHY JUDGE
Assistant U.S. Attorney
PA 203921
Donald P. Osborne
Paralegal Specialist
United States Attorney's Office
235 North Washington Street
Scranton, PA 18501-0309
Phone: (570)348-2800
Timothy.judge@usdoj.gov

</div>

Dated: July 16, 2018

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. HILL,** | : | **CIVIL NO. 3:CV-11-1609** |
| **Plaintiff** | : | |
| | : | **(Conaboy, J.)** |
| **v.** | : | |
| | : | |
| **HARLEY LAPPIN, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.  That on July 16, 2018, he served a copy of the attached

### Brief in Support of Defendants' Motion for Reconsideration

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

ADDRESSEE:

David E. Hill
Reg. No. 12585-007
USP Florence – High
PO Box 7000
Florence, CO  81226

/s Donald P. Osborne
DONALD P. OSBORNE
Paralegal Specialist