IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HILL, | : | |
|     Plaintiff | : | |
| | : | No. 3:11-cv-1609 |
| v. | : | |
| | : | (Judge Rambo) |
| HARLEY LAPPIN, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to *pro se* Plaintiff David E. Hill ("Plaintiff")'s motion for reassignment (Doc. No. 212), motion to alter or amend judgment (Doc. No. 213), motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (Doc. No. 214), motion for relief from judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure (Doc. No. 217), and the response thereto filed by Defendants Bledsoe, Hepner, Saylor, Edinger, and Carrasquillo (Doc. No. 223). For the following reasons, the Court will grant Plaintiff's motion to alter or amend judgment (Doc. No. 213), deny his Rule 60(b) motions (Doc. Nos. 241, 217) as moot, deny his motion for reassignment (Doc. No. 212), and reopen the above-captioned case for further proceedings.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff, who is currently incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence"), initiated the above-captioned action on

August 29, 2011 by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 1.) After several rounds of motions, the only remaining Defendants were Bledsoe, Hepner, Saylor, Edinger, and Carrasquillo (collectively, "Defendants"), and the only remaining claims were

> (1) whether the decisions to place [Plaintiff] into four-point restraints on the afternoon of June 22, 2010, were based upon a desire to punish him for manipulative behavior or for a legitimate penological reason or reasons; and (2) whether [Plaintiff] was not released from his restraints to use the bathroom during the 43 hour period when he was in four-point restraints and was allegedly forced to lie in his own waste.

(Doc. No. 151.)

Jury selection and trial were scheduled to begin on July 29, 2019. (Doc. No. 153.) On July 19, 2019, the Court received a document titled "Petitioner's Motion for Self-Dismissal Pursuant to Federal Rules, Civil Procedure, Rule 41(a)(1)" and signed by "Dave Hill." (Doc. No. 206.) This document was dated July 7, 2019 and sought to voluntarily dismiss the above-captioned case. (*Id.*) Defendants filed their concurrence with the motion on July 19, 2019. (Doc. No. 207.) In an Order entered that same day, the Court dismissed the above-captioned case with prejudice and directed that Plaintiff be returned to his original place of incarceration. (Doc. No. 208.)

On August 5, 2019, the Court received a letter from Plaintiff in which he stated that he had received the Court's July 19, 2019 Order, that he did not file the motion for self-dismissal, and that "someone falsely filed a document in [his] name" and "perpetrated a fraud upon the Court." (Doc. No. 210.) In an Order entered August 7, 2019, the Court directed Defendants to respond to Plaintiff's letter, including records or affidavits related to the outgoing mail at USP Florence, particularly as they related to the motion for dismissal dated July 7, 2019. (Doc. No. 211.)

Shortly thereafter, Plaintiff filed the various motions pending before the Court. (Doc. Nos. 212, 213, 214, 217.) On August 27, 2019, the Court granted Defendants' motion to file a consolidated response to Plaintiff's letter and motions. (Doc. Nos. 218, 219, 220.) After receiving an extension of time (Doc. Nos. 221, 222), Defendants filed their consolidated response on September 12, 2019 (Doc. Nos. 223, 224.) Overall, Defendants assert that mail "records and agency counsel's investigation into the filing of the motion have proven to be inconclusive in determining who authored and submitted the Rule 41(a) motion to the Court." (Doc. No. 223 at 9.)

## II. PLAINTIFF'S MOTIONS

### A. Motion for Reassignment

Plaintiff requests that the Chief Judge of this Court reassign this matter to another judge pursuant to 28 U.S.C. § 253(c), which provides that "[t]he chief judge . . . may designate any judge or judges of the court to try any case and, when the circumstances so warrant, reassign the case to another judge or judges." Plaintiff suggests that the undersigned knew that the motion for voluntary dismissal was filed without his consent and "committed overt acts to achieve the desired effect, dismissal with prejudice." (Doc. No. 212 at 4.)

Presumably, Plaintiff believes that the undersigned is biased against him based upon the July 19, 2019 Order granting the motion for voluntary dismissal. While judges must recuse themselves in situations where "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Plaintiff's request for reassignment of this matter is simply unfounded. Accordingly, the Court will deny his motion for reassignment.

### B. Motion to Alter or Amend Judgment

Plaintiff has also filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 213.) Plaintiff suggests that relief under Rule 59(e) is warranted because: (1) he could not seek dismissal under Rule 41(a)(1) after the filing of a motion for summary judgment; (2) the Court erred by converting a dismissal without prejudice to a dismissal with prejudice without giving him notice of intent to do so; and (3) manifest injustice would be prevented because Plaintiff did not file the motion for voluntary dismissal. (*Id.* at 6-10.)

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Gray v. Wakefield*, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); *see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

"[T]here is no governing standard for what constitutes a manifest injustice as the term applies to Rule 59(e) and . . . courts should 'look at the matter on a case-by-case basis' to determine whether a judgment will work a manifest injustice." *Conway v. A.I. duPont Hosp. for Children*, No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009) (citations omitted). Here, upon consideration of the parties' submissions, the Court concludes that manifest justice would result if the Court did not reopen this matter and allow Plaintiff's remaining claims to proceed to trial. Throughout his recent filings, Plaintiff swears under the penalty of perjury that he is not the individual who mailed the motion to voluntarily dismiss to the Court. (*See* Doc. Nos. 212, 217.) Furthermore, the handwriting on the motion to voluntarily dismiss is different from Plaintiff's handwriting and the name used ("Dave Hill") differs from how Plaintiff refers to himself. (*Compare* Doc. No. 206 *with, e.g.*, Doc. No. 213.) Moreover, Defendants aver that mail "records [from USP Florence] and agency counsel's investigation into the filing of the motion have proven to be inconclusive in determining who authored and submitted the Rule 41(a) motion to the Court." (Doc. No. 223 at 9.) Given Plaintiff's averments made under perjury, the differences between the motion to voluntarily dismiss and Plaintiff's other submissions in this matter, and the lack of evidence establishing who was responsible for mailing the motion to voluntarily dismiss, the Court will grant

7

Plaintiff's motion to alter or amend judgment, vacate the July 19, 2019 Order dismissing this case with prejudice, and allow Plaintiff's remaining claims to proceed to trial.[1]

**III. CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion for reassignment. (Doc. No. 212.) The Court, however, will grant Plaintiff's motion to alter or amend judgment (Doc. No. 213), vacate the July 19, 2019 Order dismissing this case with prejudice (Doc. No. 208), and allow Plaintiff's remaining claims to proceed to trial. In light of the grant of relief under Rule 59(e), the Court will deny as moot Plaintiff's Rule 60(b) motions. (Doc. Nos. 214, 217.) An appropriate Order follows.

S/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Date: October 17, 2019

---

[1] As noted above, Plaintiff has also filed motions seeking relief under Rule 60(b)(3) & (4). (Doc. Nos. 214, 217.) Because the Court is granting Plaintiff relief under Rule 59(e), the Court declines to discuss his Rule 60(b) motions and will deny those motions as moot.