# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HILL, | : | |
|     Plaintiff | : | |
| | : | No. 3:11-cv-1609 |
| v. | : | |
| | : | (Judge Rambo) |
| HARLEY LAPPIN, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to *pro se* Plaintiff David E. Hill ("Plaintiff")'s motion for recusal. (Doc. No. 240.) For the following reasons, the Court will deny Plaintiff's motion.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiff, who is currently incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence"), initiated the above-captioned action on August 29, 2011 by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 1.) After several rounds of motions, the only remaining Defendants were Bledsoe, Hepner, Saylor, Edinger, and Carrasquillo (collectively, "Defendants"), and the only remaining claims were

> (1) whether the decisions to place [Plaintiff] into four-point restraints on the afternoon of June 22, 2010, were based upon a desire to punish him for manipulative behavior or for a legitimate penological reason or reasons; and (2) whether [Plaintiff] was not released from his restraints

to use the bathroom during the 43 hour period when he was in four-point restraints and was allegedly forced to lie in his own waste.

(Doc. No. 151.)

Jury selection and trial were scheduled to begin on July 29, 2019. (Doc. No. 153.) On July 19, 2019, the Court received a document titled "Petitioner's Motion for Self-Dismissal Pursuant to Federal Rules, Civil Procedure, Rule 41(a)(1)" and signed by "Dave Hill." (Doc. No. 206.) This document was dated July 7, 2019 and sought to voluntarily dismiss the above-captioned case. (*Id.*) Defendants filed their concurrence with the motion on July 19, 2019. (Doc. No. 207.) In an Order entered that same day, the Court dismissed the above-captioned case with prejudice and directed that Plaintiff be returned to his original place of incarceration. (Doc. No. 208.)

On August 5, 2019, the Court received a letter from Plaintiff in which he stated that he had received the Court's July 19, 2019 Order, that he did not file the motion for self-dismissal, and that "someone falsely filed a document in [his] name" and "perpetrated a fraud upon the Court." (Doc. No. 210.) In an Order entered August 7, 2019, the Court directed Defendants to respond to Plaintiff's letter, including records or affidavits related to the outgoing mail at USP Florence, particularly as they related to the motion for dismissal dated July 7, 2019. (Doc. No. 211.) Shortly thereafter, Plaintiff filed a motion to reassign the case, a motion to alter or amend

the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and two motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. Nos. 212, 213, 241, 217.) Defendants filed a consolidated response on September 12, 2019, asserting that mail "records and agency counsel's investigation into the filing of the motion have proven to be inconclusive in determining who authored and submitted the Rule 41(a) motion to the Court." (Doc. No. 223 at 9.)

In a Memorandum and Order dated October 17, 2019, the Court granted Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e), reopened this case, vacated its July 19, 2019 Order dismissing this action with prejudice, denied Plaintiff's motion for reassignment, and denied as moot Plaintiff's motions for relief pursuant to Rule 60(b). (Doc. Nos. 227, 228.) Specifically, the Court concluded that manifest injustice would result if the Court did not reopen this matter and allow Plaintiff's remaining claims to proceed to trial. (Doc. No. 227 at 7.) In a separate Order, the Court scheduled jury selection and trial to begin on February 24, 2020. (Doc. No. 229.) Defendants subsequently filed a motion to continue due to the unavailability of some Defendants and witnesses on February 24, 2020. (Doc. No. 236.) In an Order entered on November 14, 2019, the Court granted Defendants' motion and continued the jury trial until May 11, 2020.

## II. PLAINTIFF'S MOTION FOR RECUSAL

Plaintiff again seeks the undersigned's recusal pursuant to 28 U.S.C. § 455(a), which requires recusal if the judge's "impartiality might reasonably be questioned." (Doc. No. 240 at 1.) Plaintiff maintains that Defendants have not provided him with copies of certain filings and that the Court rendered decisions on those filings in an *ex parte* manner. (*Id.* at 2, 4.) Plaintiff notes that he "does not complain or take issue with the Court's legal rulings, but in the manner used to reach its decisions the Plaintiff is essentially kept in the dark while the Court litigate[s] important issues with defense counsel." (*Id.* at 4.) He argues that this leaves him "unable to raise issues on appeal if not preserve[d] for review in this Court." (*Id.*)

To determine if recusal is warranted pursuant to § 455, the Court must objectively review its rulings and statements to determine whether a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458 (M.D. Pa. 2007). However, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 272, 278 (3d Cir. 2000). An objective review of the Court's rulings in this case does not lead the Court to conclude that the undersigned's impartiality might reasonably be questioned. A review of the docket reveals that Defendants have filed certificates

of service stating that they mailed copies of the documents Plaintiff claims to have not received to him at USP Florence. The Court has no reason to believe that Defendants are deliberately not mailing copies of their filings to Plaintiff. If Plaintiff is not receiving his legal mail, he should raise the issue with an appropriate official at USP Florence. Accordingly, the Court will deny Plaintiff's motion for recusal because nothing before the Court sufficiently calls into question the undersigned's impartiality.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for recusal. (Doc. No. 240.) An appropriate Order follows.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: January 22, 2020