IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. HILL**, | : | CIVIL ACTION NO. 3:11-CV-1609 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **HARLEY LAPPIN**, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff David E. Hill ("Hill"), who is currently incarcerated at the United States Penitentiary in Florence, Colorado ("USP Florence"), initiated the above-captioned action in 2011, while incarcerated at USP Lewisburg, by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S 388 (1971). (Doc. No. 1.) Hill's remaining claims against Defendants Bledsoe, Hepner, Saylor, Edinger, and Carrisquillo concern: (1) whether the decisions to place Hill in four-point restraints on the afternoon of June 22, 2010, were based upon a desire to punish him for manipulative behavior or for a legitimate penological reason; and (2) whether Hill was not released from his restraints to use the bathroom during the 43-hour period when he was in four-point restraints and was allegedly forced to lie in his own waste. Currently before the Court are various motions filed by Hill, including: two motions for extensions of time to file motions (Doc. Nos. 285, 294), motions for discovery sanctions (Doc. Nos. 287, 295), three motions for reconsideration (Doc. Nos. 297, 299, 301), a motion to call witnesses (Doc. No. 305), a motion to exclude witness from the courtroom

during testimony (Doc. No. 315), a motion to introduce evidence (Doc. No. 317), and a motion to admit Defendant Hepner's prior inconsistent statement at trial (Doc. No. 319).

## I.     Factual Background & Procedural History

After several rounds of motions, Hill's two remaining claims against Defendants Bledsoe, Hepner, Saylor, Edinger, and Carrasquillo are proceeding to trial. Jury selection and trial were scheduled to begin on May 11, 2020. Trial, however, has been continued indefinitely in light of the COVID-19 pandemic.

In an Order dated November 14, 2019, the court directed that the parties file any dispositive motions by December 31, 2019 and any motions *in limine* by January 31, 2020. Hill filed a motion to compel, motion for discovery sanctions, motion for leave to call or add a witness or expert witness, a request for the issuance of a subpoena, and three motions *in limine*. In a Memorandum and Order dated February 12, 2020, the court denied Hill's motion to compel, motion for discovery sanctions, motion for leave to call or add a witness or expert witness, and request for the issuance of a subpoena. Hill's motions *in limine*, however, were granted in part and denied in part. Specifically, the motions were "granted with respect to evidence regarding [Hill's] past arrests, convictions, and the facts underlying those convictions; the length of [Hill's] sentence; the number of times [Hill] has been incarcerated; his places of incarceration; other restrictions during confinement; and any placements in the [Special Management Unit ("SMU")] or administrative custody after the events of June 22-24, 2010." (Doc. No. 281 at 15.) The motions were denied "with respect to evidence regarding [Hill's] status as an SMU inmate at

the time of the incident, his conduct during the relevant period (June 22-24, 2010), and his disciplinary history **only** to the extent that Defendants knew of and considered [Hill's] disciplinary record prior to June 22, 2010.  (*Id.*)  Hill subsequently filed the motions currently pending before the Court.  On June 4, 2020, Amy B. Ernst and Alexandra T. Morgan-Kurtz of the Pennsylvania Institutional Law Project entered their appearances on behalf of Hill (Doc. Nos. 329, 330.), which likely moots several of the pending motions filed in *pro se* status.

## II.     Discussion

### A.     Motions for Reconsideration (Doc. Nos. 297, 299, 301)

Hill has filed three motions for reconsideration of the portion of the Court's February 12, 2020 Memorandum and Order in which the Court denied Hill's motions *in limine* regarding testimony concerning his disciplinary history and his placement in the SMU.  As an initial matter, Hill's failure to file briefs in support of his first and third motions for reconsideration runs afoul of Local Rule 7.5, which provides, in pertinent part, that if a supporting brief is not filed within fourteen (14) days after the filing of a motion, the motion "shall be deemed to be withdrawn." *See* M.D. Pa. L.R. 7.5.  Nevertheless, in light of Hill's *pro se* status, the Court will consider the merits of his motions. *See Hill v. Derrick*, 4:05-cv-1229, 2006 WL 8449048, at *1 (M.D. Pa. Jan. 10, 2006) ("Under the Local Rule, Hill's failure to file a timely brief deems those motions withdrawn.  As Hill is proceeding *pro se* we will also address why Hill's motions have no merit.").

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt

to relitigate a point of disagreement between the Court and the litigant." *See Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); *see also Baker v. Astrue*, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *See Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

Hill's motions for reconsideration fail to meet this standard. In its February 12, 2020 Memorandum and Order, the court denied Hill's motions *in limine* concerning his disciplinary history based upon Defendants' proffered videos and a declaration by Defendant Hepner indicating that such history was "relied upon when making the decision that [Hill] should be placed and maintained in four-point restraints." *Hill v. Lappin*, No. 3:11-cv-1609, 2020 WL 708927, at *5 (M.D. Pa. Feb. 12, 2020). Hill now seeks reconsideration of that decision on the basis of additional motions he seeks to file challenging Defendant Hepner's declaration. Hill's motions for reconsideration amount to nothing more than motions for an extension of time to file such motions. Accordingly, because they fail to meet the standard set forth above, the motions for reconsideration will be denied.

### B. Hill's Remaining Motions (Doc. Nos. 285, 287, 294, 295, 305, 315, 317, 319)

Prior to counsel's entry of appearance, Hill filed several *pro se* motions, including two motions for extensions of time to file discovery and pretrial motions and several motions regarding evidentiary matters. In light of counsel's entry of appearance on his behalf, however, Hill's remaining motions (Doc. Nos. 285, 287, 294, 295, 305, 315, 317, 319) will be denied without prejudice because counsel is better suited to address specific requests regarding discovery or evidentiary matters.

## III. Conclusion

For the foregoing reasons, the Court will deny Hill's motions for reconsideration. (Doc. Nos. 297, 299, 301.) In light of counsel's entry of appearance on behalf of Hill, the remaining *pro se* motions (Doc. Nos. 285, 287, 294, 295, 305, 315, 317, 319) will be denied without prejudice in order to provide counsel the opportunity to review the court's memorandum and order dated February 12, 2020, as well as the pretrial record of the instant matter. Thereafter, and to the extent necessary, counsel may pursue appropriate pretrial relief on behalf of Mr. Hill. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 30, 2020