DJF:TSJ:mel

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HILL, | : | No. 3:CV-11-1609 |
| Plaintiff | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| HARLEY LAPPIN, et al., | : | |
| Defendants | : | Filed Electronically |

## STATEMENT OF MATERIAL FACTS

Defendants Bledsoe, Hepner, Saylor, Edinger, and Carrasquillo, by and through their counsel and pursuant to Local Rule 56.1, hereby submit the following statement of material undisputed facts in support of their motion for summary judgment. Plaintiff David E. Hill is advised that, pursuant to Local Rule 56.1, all facts set forth in this statement will be deemed admitted unless controverted by Plaintiff with references to the record supporting Plaintiff's position.

1. The BOP has a comprehensive policy for the authorization of the use of restraints, including four-point restraints, when an inmate becomes violent or displays signs of imminent violence. Ex. A, Fed. Bureau of Prisons, *Policy and Forms*, Program Statement Number 5566.06 – Use of Force and Application of Restraints, Section 1, e., Purpose and Scope, at p. 1.

2. The BOP has a comprehensive disciplinary policy to help ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts. Ex. B, Fed. Bureau of Prisons, *Policy and Forms*, Program Statement Number 5270.09, at p. 1.

3. Threatening another with bodily harm is classified as a high severity level prohibited act. *Id.* at p. 48, Table 1, Code 203.

4. Hill stated that he had previously been placed in ambulatory restraints approximately 10-11 times, usually for refusing to accept a cell mate and typically remaining in the ambulatory restraints for at least 24 hours. Transcript, Deposition of David E. Hill (Ex. C) at pp. 13-15.

5. In the morning of June 22, 2010 at approx. 8:00 am, Lt. Hepner ordered Hill to submit to hand restraints so he could be moved to a different cell with a cell mate, but Hill refused to submit to restraints and stated, "I aint' movin, and if you put me in with that dude we're gonna fight." Declaration of J. Hepner (Ex. D) at ¶ 2.

6. When Hill appeared to calm down in the afternoon on June 22, 2010, he was moved to a shower area, and the ambulatory restraints were removed. *Id.* at ¶ 6; Hill Deposition (Ex. C) at p. 11.

7. However, when Lt. Hepner attempted to place Hill into hand restraints to be escorted to a cell where another inmate was already housed, Hill again refused to submit to hand restraints. Hepner Decl. (Ex. D) ¶ 6; Hill Deposition (Ex. C) at p. 12.

8. Hill stated, "I'm going to fuck that Muslim up if you put me in there" and "you people keep fucking with me, I'm gonna' have to go to war with y'all." Hepner Decl. (Ex. D) at ¶ 6.

9. Because of Hill's threatening statements, Lt. Hepner believed it was appropriate, necessary, and in accordance with BOP policy to place him in four-point restraints in order to prevent him from carrying out his threats of violence. *Id.*

10. Lt. Hepner notified Warden Bledsoe of the situation, and Warden Bledsoe authorized a Use of Force Team to place Hill in four-point restraints. *Id.*

11. The decision to bypass ambulatory restraints was made based upon Hill's agitated state and his recent attempts to manipulate his being in ambulatory restraints and his continued threats of violence, including threats against staff. *Id.*

12. Hill concedes that while he was in four-point restraints, Lt. Carrasquillo (who is a defendant in this case) gave him water, and Lt. Stuart allowed him

        to use the urinal on two occasions and gave him water.  Hill Deposition (Ex. C) at 36, 42-43.

13. At 4:00 pm on June 22, 2010, Lt. Carrasquillo checked on Hill (who was at this point in four point restraints) and reported that the desired calming effect had not been achieved; that Hill had not used the toilet; noted, "I/M still acting aggressive.  Stated 'I can be here forever and I won't change.'" Hepner Decl. (Ex. D), (Att. 1), at p. 2.

14. At 6:00 pm on June 22, 2010, Lt. Carrasquillo checked on Hill and reported that the desired calming effect had not been achieved; that Hill had not used the toilet; noted, "I/M stated 'Fuck this shit!  I can do this all night;'" noted that Hill was given water and fed lunch.  *Id.*

15. At 8:00 pm on June 22, 2010, Lt. Johnson (who is not a defendant in this case) checked on Hill and reported that the desired calming effect had not been achieved; that Hill had not used the toilet; noted, "I/M restraints checked, paramedic checked I/M, I/M refused water.  I/M attitude poor at this time;" and determined that Hill should "remain in restraints."  *Id.*

16. At 10:00 pm on June 22, 2010, Lt. Carrasquillo checked on Hill and reported that the desired calming effect had not been achieved; that Hill had not used the toilet; noted, "I/M feeling agitated and attitude poor.  Stated, 'Go fuck

yourself. This is bullshit!' He then asked for water. I gave him 8 ounces of water." Hepner Decl. (Ex. D), (Att. 1), at p. 3.

17. At 12:00 am on June 23, 2010, Lt. Stuart (who is not a defendant in this case) checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill did use the toilet; noted, "inmate refused to speak used urinal cannot determine behavior;" and determined that Hill should "continue in restraints." *Id.*

18. At 2:00 am on June 23, 2010, Lt. Stuart checked on Hill and reported that the desired calming effect had not been achieved; that Hill had not used the toilet; noted, "inmate given water restraints adjusted would not speak other than complaining about restraints given 8 oz. of water;" and determined that Hill should "continue in restraints." *Id.*

19. At 4:00 am on June 23, 2010, Lt. Stuart checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill did use the toilet; noted, "inmate refused to answer questions given urinal to use cannot determine behavior;" and determined that Hill should "continue in restraints." *Id.*

20. At 6:00 am on June 23, 2010, Lt. Stuart checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "restraints checked PA checked would not speak

cannot determine if under control;" and determined that Hill should "continue in restraints." Hepner Decl. (Ex. D), (Att. 1), at p. 4.

21. At 8:00 am on June 23, 2010, Lt. Saylor checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Restraints checked PA checked I/M would not answer any questions, no response, no way to determine if I/M is under control." *Id.*

22. At 10:00 am on June 23, 2010, Lt. Hepner checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Inmate remains agitated and verbally aggressive. Attempted to converse with inmate, I/M stated 'fuck you motherfucker' Banging restraints against bed. Not calm. Refused use of toilet, food and water." *Id.*

23. At 12:00 pm on June 23, 2010, Lt. Saylor checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "I/M remains non-compliant refuses to answer questions, continues to struggle against restraints when checks are performed." *Id.*

24. At 2:00 pm on June 23, 2010, Lt. Hepner checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not

used the toilet; noted, "Inmate continues to threaten violence towards any inmate he is placed in a cell with.  Refused use of toilet and water when offered."  Hepner Decl. (Ex. D), (Att. 1), at p. 5.

25. At 4:00 pm on June 23, 2010, Lt. Carasquillo checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "I/M very aggressive and upset.  Stated 'Fuck you Lt. You worse than the white man!'  Offered water, he refused." *Id.*

26. At 6:00 pm on June 23, 2010, Lt. Edinger checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "inmate stated, 'Lieutenant take me the fuck out of these cuffs or someone is going to get hurt.'" *Id.*

27. At 8:00 pm on June 23, 2010, Lt. Carrasquillo checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "I/M upset and is agitated.  Attempted to feed, but was too aggressive.  Water offered.  I believe not to take restraints off due to staff safety and his comments." *Id.*

28. At 10:00 pm on June 23, 2010, Lt. Carrasquillo checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "I/M was offered meal one more time, stated, 'Fuck

7

you.' I/M offered water, he accepted. I/M still very upset and displays aggressive behavior towards staff." Hepner Decl. (Ex. D), (Att. 1), at p. 6.

29. At 12:00 am on June 24, 2010, Lt. Fosnot (who is not a defendant in this case) checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Inmate hostile stating 'what the fuck are you doing here, you ain't no lieutenant;'" and determined that Hill should continue restraints. *Id.*

30. At 2:00 am on June 24, 2010, Lt. Fosnot checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Inmate still very aggressive, stated, 'Get a real fucking lieutenant in here, you ain't shit.'" *Id.*

31. At 4:00 am on June 24, 2010, Lt. Fosnot checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Inmate still aggressive and against saying to get a real lieutenant to do the checks." and determined that Hill should continue restraints. *Id.*

32. At 6:00 am on June 24, 2010, Lt. Fosnot checked on Hill and reported that the desired calming effect had not been achieved; noted that Hill had not used the toilet; noted, "Inmate still disrespectful, stated 'I'm tired of seeing

you, so get the fuck out of here;" and determined that Hill should continue restraints. Hepner Decl. (Ex. D), (Att. 1), at p. 7.

33. At 8:00 am on June 24, 2010, Lt. Childress (who is not a defendant in this case) checked on Hill and reported that Hill was displaying the desired calm behavior; noted that Hill had not used the toilet; and noted, "Inmate displaying calming effect." *Id.*

34. At 10:00 am on June 24, 2010, Lt. Childress checked on Hill and reported that the desired calming effect had been achieved; noted that Hill used the toilet; noted, "Inmate displays calming effect;" and determined "removal from ambulatory restraints." *Id.*

35. In the calendar year 2019, there were 2,145 incidents throughout the BOP resulting in inmates being placed in ambulatory or four-point restraints. Declaration of Kerr (Ex. E) at ¶ 2.

        Respectfully submitted,

        DAVID J. FREED
        United States Attorney

        s/ Timothy Judge
        TIMOTHY JUDGE
        Assistant U.S. Attorney
        PA 203921
        Michele E. Lincalis
        Supv. Paralegal Specialist

|  |  |
|---|---|
|  | 316 Federal Building |
|  | 240 West Third Street |
|  | Williamsport, PA 17701 |
|  | Phone: (570)348-2800 |
|  | Facsimile: (570)348-2816 |
| Dated:  December 4, 2020 | Timothy.Judge@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HILL, | : | No. 3:CV-11-1609 |
| **Plaintiff** | : | |
| | : | |
| v. | : | (Conner, J.) |
| | : | |
| HARLEY LAPPIN, et al., | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 4, 2020, she served a copy of the attached

## STATEMENT OF MATERIAL FACTS

by electronic service pursuant to Local Rule 5.7 and Standing Order 04-6, ¶12.2 to the following individual(s):

Addressee:

Amy B. Ernst
Pennsylvania Institutional Law Project
115 Farley Circle, Suite 110
Lewisburg, PA  17837
AErnst@pailp.org

Alexandra Morgan-Kurtz
Pennsylvania Institutional Law Project
100 Fifth Avenue, Suite 900
Pittsburgh, PA  15222
amorgan-kurtz@pailp.org

                                                                          s/ Maureen A. Yeager
                                                                          Maureen A. Yeager
                                                                          Paralegal Specialist